**David J. Hollander, OSB #782452**
**Jovanna L. Patrick, OSB #111339**
Hollander, Lebenbaum & Gannicott
1500 SW First Avenue, Suite 700
Portland, Oregon 97201-5825
Telephone:    (503) 222-2408
Facsimile:    (503) 222-0659
E-mail:david@hollanderlaw.com
        jovanna@hollanderlaw.com
            Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRIS J. GIFFORD**, | ) |
| | )     Case No. 3:12-cv-1142 |
| Plaintiff, | ) |
| | )     **COMPLAINT** |
| v. | ) |
| | )     (Unlawful Employment Practices) |
| **THE KROGER CO.,** | ) |
| A Foreign Business Corporation, | ) |
| | )     JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

**NATURE OF THE ACTION**

1.

This is an action brought under ORS 659A.109, ORS 659A.112 and 42 U.S.C. § 12101 to

redress discrimination by Defendant against Plaintiff in terms and conditions of employment on

**1 - COMPLAINT**

the basis of disability.  This action is also brought under ORS 659A.183 and U29 U.S.C. § 2601
to redress discrimination by Defendant against Plaintiff in terms and conditions of employment
for having invoked federal and state family medical leave.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the federal law claims in this action pursuant to 28
U.S.C. § 1331, which provides that the district courts shall have original jurisdiction in all civil
actions arising under the Constitution, laws, or treaties of the United States.  The Court has
supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367,
which provides that the district court shall have supplemental jurisdiction over all other claims
that are so related to claims in the action within such original jurisdiction that they form part of
the same case or controversy.

3.

This Court also has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), which
provides that the district courts shall have original jurisdiction of all civil actions where the
matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
between citizens of different States.  In this case, the matter in controversy exceeds $75,000.
The parties are citizens of different states as Plaintiff is a citizen of the state of Oregon and
Defendant is a corporation incorporated in and has a principal place of business in the state of
Ohio.

//

//

**2 - COMPLAINT**

4.

Venue is appropriate in this District because Defendant maintains a business office in and the acts complained of occurred in this District.

## PARTIES

5.

Plaintiff Chris J. Gifford is an individual residing in the city of Rhododendron, county of Clackamas, state of Oregon.

6.

Defendant The Kroger Co. ("Kroger"), is a foreign business corporation incorporated in and having a principal place of business in the city of Cincinnati, county of Hamilton, state of Ohio.  Defendant has business locations in the city of Portland, county of Multnomah, state of Oregon.

## FACTS

7.

Since approximately June 7, 1985, Plaintiff Chris J. Gifford was employed by Defendant Kroger.  Since approximately August 2006, Plaintiff's position has been eCommerce Marketing Specialist.  In 2011, Plaintiff was salaried earning a base salary of $71,000 per year, full time employment, as well as a bonus of at least $15,000 per year, health benefits, and pension and 401k contributions.

8.

Plaintiff suffers from disabling medical conditions, including chronic pain, rectal bleeding, IBS, diverticulosis and other colon related conditions.

**3 - COMPLAINT**

9.

Plaintiff was able to perform the essential functions of his position, but required the accommodation of flexibility in his schedule to attend doctor appointments and to manage his condition.

10.

Defendant was aware of Plaintiff's disabilities as he requested accommodations and invoked federal and state family leave on several occasions.

11.

Defendant failed to engage in the interactive process and failed to provide Plaintiff with adequate accommodation for his disabilities.

12.

When Plaintiff returned from approved family leave on or about May 18, 2010, Defendant substantially changed Plaintiff's job duties, including removing him from projects, meetings and decision-making roles.

13.

Other employees were allowed to work from home when they were ill, but Defendant did not allow Plaintiff to work from home when he was ill in October 2010.

14.

On or about November 17, 2010, Defendant placed Plaintiff on a 30-60-90 review and probation and denied a recent request for accommodation.

//

//

**4 - COMPLAINT**

15.

In November, 2010, employees of Defendant harassed Plaintiff about his disabilities. Plaintiff complained to his supervisor Peter Joseph, eCommece Marketing Director, who failed to investigate and failed to provide prompt, effective remedial measures for the harassment.

16.

On or about December 9, 2010, Plaintiff met with Mr. Joseph regarding his 30-60-90 review. Mr. Joseph indicated to Plaintiff that he was improving his performance, but was still having issues making it to work on time.  Flexibility in the time into work was an accommodation Plaintiff had requested due to his disabilities but was denied.

17.

Plaintiff has submitted a leave request in December 2010.  Mr. Joseph did not submit it for approval in a timely fashion and thus the leave was denied.

18.

In January, 2011, Mr. Joseph was terminated and Anne-Marie Caldwell became Plaintiff's supervisor.  Plaintiff discovered communication between Ms. Caldwell and Kim Swearingen, Vice President of Promotions and Marketing, that he was to be demoted to Digital Account Coordinator.

19.

On or about February 2, 2011, Plaintiff met with Ms. Caldwell and Ms. Swearingen for his 120 day review.  They did not recognize his accomplishments and held him to expectations not previously part of his job description.

//

**5 - COMPLAINT**

20.

On March 1, 2011, Plaintiff was suspended for three days without pay due to being late. Plaintiff was late due to severe weather and did not have power or phone access, but called in at the earliest possible time.

21.

On March 4, 2011, Defendant gave Plaintiff a final warning.  Plaintiff refused to sign as he felt the expectations were unreasonable. Plaintiff discussed this with Ms. Swearingen and told her he felt they were trying to terminate him.

22.

On March 7, 2011, Plaintiff submitted paperwork for intermittent family leave. He received no response from Defendant.

23.

Plaintiff missed five days of work in April 2011 due to illness.  He maintained contact with Defendant throughout his absence and provided Defendant with a doctor's note.

24.

On April 20, 2011, upon returning from his illness, Plaintiff was terminated.

25.

This action is filed within 90 days of receipt of notices of right to sue from the Bureau of Labor and Industry and the Equal Employment Opportunity Commission.

26.

Plaintiff is entitled to his reasonable attorney's fees pursuant to ORS 659A.885.

//

**6 - COMPLAINT**

27.

Plaintiff demands a trial by jury.

28.

As a result of the foregoing, Plaintiff has sustained wage and benefit loss in the amount at least $112,130.00 through July 20, 2012. Plaintiff continues to accrue wage and benefits loss.

29.

As a result of the foregoing, Plaintiff was required to cash out his 401K with Defendant, causing him to lose value and incur penalties in an amount that is currently not known.

30.

As a further result of the foregoing, Plaintiff has sustained additional economic losses of at least $950.00 through July 20, 2012.

31.

As a result of the foregoing Plaintiff is entitled to compensatory damages in an amount to be determined by a jury, but no more than $1,000,000.00

## FIRST CLAIM

(ORS 659A.109 – Disability)

Some or all of the acts set forth above were in violation of ORS 659A.109, which makes it an unlawful employment practice for an employer to discriminate against an individual with respect to hire or tenure or any term or condition of employment because the individual has applied for benefits or invoked or used the procedures provided for in ORS 659A.103 to 659A.145.

//

**7 - COMPLAINT**

**SECOND CLAIM**

(ORS 659A.112 – Disability)

1.

Some or all of the acts set forth above were in violation of ORS 659A.112, which makes it an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of an actual or perceived disability or physical or mental impairment.

**THIRD CLAIM**

(42 U.S.C. 12112 – Disability)

Some or all of the acts set forth above were in violation of 42 U.S.C. 12112, which provides that no covered entity shall discriminate against a qualified individual on the basis of disability or perceived disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

**FOURTH CLAIM**

(ORS 659A.183 - OFLA)

Some or all of the acts set forth above were in violation of ORS 659A.183, which makes it an unlawful employment practice for an employer to deny family leave to which an eligible employee is entitled under ORS 659A.150 to 659A.186 or to retaliate or in any way discriminate against an individual with respect to hire or tenure or any other term or condition of employment

**8 - COMPLAINT**

because the individual has inquired about the provisions of ORS 659A.150 to 659A.186,

submitted a request for family leave or invoked any provision of ORS 659A.150 to 659A.186.

## FIFTH CLAIM

(29 U.S.C. § 2601 - FMLA)

Some or all of the acts set forth above were in violation of 29 U.S.C. § 2601, et al, which

makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the

attempt to exercise, any right provided under this subchapter or to discharge or in any other

manner discriminate against any individual for opposing any practice made unlawful by this

subchapter.

WHEREFORE Plaintiff prays for judgment against Defendant consistent with the above

claims for relief including but not limited to:

1.   Economic damages in the amount of no less than $113,080.00 with the final
     amount to be determined at trial;

2.   Non-economic damages as reasonably determined by a jury of no more than
     $1,000,000.00 with the final amount to be determined at trial;

3.   Reasonable attorney's fees;

4.   Reinstatement of the position that he would have held but for Kroger's unlawful
     employment practices;

5.   Expert witness fees and expenses;

6.   Costs and disbursements incurred herein; and

//

//

**9 - COMPLAINT**

7.      Such other and further relief as the Court feels is appropriate under the

circumstances.

DATED this 25th day of June, 2012.

Respectfully Submitted,

HOLLANDER, LEBENBAUM & GANNICOTT

__/s/ David J. Hollander_____
David J. Hollander, OSB #782452
        Of Attorneys for Plaintiff

__/s/ Jovanna L. Patrick_____
Jovanna L. Patrick, OSB #111339
        Of Attorneys for Plaintiff

**10 - COMPLAINT**